PARKERSBURG & MARIETTA SAND CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12050. Promulgated March 20, 1928.

*J. V. Blair, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

## OPINION.

SIEFKIN: The sole question in this proceeding relates to the profit realized, if any, by the petitioner upon the sale of its assets in 1920. Some of the assets were acquired prior to March 1, 1913, and some subsequent to that date.

In 1921 the petitioner had two disinterested qualified persons appraise its plant and equipment as of March 1, 1913. A value of $68,675 was placed upon such assets as of March 1, 1913, and at the hearing the one surviving appraiser testified that this figure represented the fair market value as of that date.

In its petition, the petitioner states and the respondent admits that from its inception up to March 1, 1913, the petitioner expended $32,-310.73 for various assets, plant, equipment, barges, hoisting engines, etc. The plant and equipment were carried on the books at that figure.

At the hearing, a number of witnesses for the petitioner stated the value of the plant and equipment of the petitioner as of March 1, 1913, at figures ranging from $68,675 to $100,000, and of good will at from $13,000 to $25,000.

After considering all the evidence we are of the opinion that the plant and equipment had a value of $68,675, on March 1, 1913.

The witnesses who testified as to the value of the good will did not establish any bases for their opinions and we must discount their testimony in that regard. The petitioner was organized in 1906 and up to 1913 did not show any large income. In fact in 1912 and 1913 the income decreased. We are of the opinion that insufficient evidence has been introduced to establish the value of good will and the respondent's disallowance of this item is approved.

The petitioner contends that the respondent erred in failing to disregard the item of $21,104.70, depreciation taken on tax returns from January 1, 1913, to date of sale, in ascertaining the net value of assets sold. We must approve this holding of the respondent. See *Hardwick Realty Co.*, 7 B. T. A. 1108; *Even Realty Co.*, 1 B. T. A. 355; *Esther Firestone*, 2 B. T. A. 309; *United States* v. *Ludey*, 274 U. S. 295.

*Judgment will be entered on 15 days' notice, under Rule 50.*